Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL II

| | | |
|---|---|---|
| MCLP ASSET COMPANY, INC.<br><br>Parte Apelada<br><br>v.<br><br>BLANCA MARÍA HERNÁNDEZ CALDERÓN *t/c/c* BLANCA M. HERNÁNDEZ CALDERÓN *t/c/c* BLANCA HERNÁNDEZ CALDERÓN Y OTROS<br><br>Parte Apelante | TA2026AP00449 | *Apelación* procedente del Tribunal de Primera Instancia, Sala Superior de Toa Alta<br><br>Caso Núm. TA2023CV01018<br><br>Sobre: Ejecución de Hipoteca (propiedad residencial) |

Panel integrado por su presidenta, la Jueza Cintrón Cintrón, el Juez Rodríguez Flores y la Jueza Díaz Rivera

Rodríguez Flores, Juez Ponente

## RESOLUCIÓN

En San Juan, Puerto Rico, a 4 de junio de 2026.

El 3 de mayo de 2026, Andrés, Wilfredo, Manuel y Juan Vicente, todos de apellidos Cotto Hernández, por sí y como miembros de la Sucesión de Blanca María Hernández Calderón t/c/c Blanca M. Hernández Calderón t/c/c Blanca Hernández Calderón (en adelante, los Cotto-Hernández) incoaron el presente recurso de *certiorari*[1] y solicitan que revoquemos la *Resolución Final* emitida y notificada el 29 de abril de 2026, por el Tribunal de Primera Instancia (TPI), Sala Superior de Toa Alta. Mediante el referido dictamen, el TPI declaró *no ha lugar* a la *Moción [de] … Nulidad de Sentencia y Subasta por Falta de Notificación y Falta de Jurisdicción sobre la Persona por Emplazamiento Defectuoso,* presentada por los Cotto-Hernández. Así, el TPI confirmó la sentencia en rebeldía dictada el 3 de febrero de 2025 a favor de MCLP Asset Company, Inc. (MCLP Asset), la validez de los

---

[1] Aunque la parte peticionaria presentó correctamente un recurso de *certiorari*, la Secretaría de este Tribunal lo identificó como una apelación. Por motivos de economía procesal, mantenemos inalterada la numeración alfanumérica asignada.

procedimientos de subasta, la adjudicación de la Finca 2663, Toa Alta, a favor de dicho acreedor hipotecario por la suma de $11,000.00, y ordenó al Alguacil a proceder con el diligenciamiento del mandamiento de lanzamiento, entregando la posesión material del inmueble a MCLP Asset.

Los Cotto-Hernández acompañaron su recurso con una *Moción Urgente Sobre Auxilio de Jurisdicción y Solicitud de Paralización de los Efectos de la Sentencia y del Mandamiento de Lanzamiento,* cuyo título explica por sí mismo su propósito.

El 4 de mayo de 2026, este Tribunal emitió una *Resolución* mediante la cual ordenamos la paralización inmediata de la ejecución del Mandamiento de Lanzamiento sobre la Finca 2663, Toa Alta. También concedimos término a MCLP Asset para presentar su oposición al recurso presentado. Dicha parte presentó su *Alegato en Oposición a Petición de Certiorari* el 22 de mayo de 2026.

Examinado el recurso y el escrito en oposición, y tras un estudio detenido del expediente de autos, *denegamos* la expedición del auto de *certiorari.* En su consecuencia, se deja sin efecto la paralización de los procedimientos que fue ordenada por este Tribunal mediante *Resolución* del 4 de mayo de 2026.

**I.**

El 5 de octubre de 2023, Legacy Mortgage Asset Trust 2019-PR1 (Legacy Mortgage) demandó a la señora Blanca María Hernández Calderón t/c/c Blanca M. Hernández Calderón t/c/c Blanca Hernández Calderón; Andrés Cotto Hernández; Wilfredo Cotto Hernández; Manuel Cotto Hernández; Juan Vicente Cotto Hernández t/c/c Juan V. Cotto Hernández, su esposa Madeline Rolón Rodríguez y la Sociedad Legal de Bienes Gananciales compuesta entre ambos, en una acción de ejecución de hipoteca *in*

*rem.*[2] Según consta en la copia del pagaré hipotecario, la dirección de la propiedad objeto de la demanda es: "Barrio Contorno, Sector Cielito, SR 165, k.m. 10.6, Toa Alta, PR 00953".[3]

El 9 de noviembre de 2023, Legacy Mortgage diligenció el emplazamiento mediante entrega **personal** al codemandado **Juan Vicente Cotto Hernández** t/c/c/ Juan V. Cotto Hernández, por sí y como representante y administrador de la Sociedad Legal de Bienes Gananciales compuesta con Madeline Rolón Rodríguez, en la siguiente dirección física: "Carr. 165, Esq. Ave. BLVD Levittown, Toa Baja, PR (estacionamiento de Burger King)".[4]

El 13 de noviembre de 2023, el codemandado **Wilfredo Cotto Hernández** también fue emplazado mediante entrega **personal** en la siguiente dirección física: "Calle José Abad 1217, San Juan, PR (frente al Hogar Plenitud Dorada)".[5]

Más adelante, y por motivo del fallecimiento de las codemandadas Blanca María Hernández Calderón y Madeline Rolón Rodríguez, el 13 de diciembre de 2023, el TPI notificó la orden que autorizó la sustitución de partes y la correspondiente demanda enmendada que incluyó como parte demandada a los miembros de las sucesiones de Blanca María Hernández Calderón y Madeline Rolón Rodríguez -quienes ya formaban parte del pleito- y al Centro de Recaudación de Ingresos Municipales (CRIM), como parte con interés en las sucesiones.[6] El CRIM fue emplazado personalmente.

Posteriormente, según *orden* notificada el 10 de enero de 2024, el TPI autorizó el emplazamiento **por edictos** de **Andrés Cotto Hernández** y **Manuel Cotto Hernández**, por sí y como miembros de

---

[2] *Demanda,* expediente electrónico del caso TA2023CV01018 en el Sistema Unificado de Manejo y Administración de Casos (SUMAC) del TPI, entrada 1.
[3] *Íd.,* entrada 1, anejo 1.
[4] *Moción Solicitando Sustitución de Parte y Otros Remedios, Íd.,* entrada 13, anejo 1.
[5] *Íd.,* entrada 13, anejo 2.
[6] *Orden* de 8 de diciembre de 2023, y *Orden* de 11 de diciembre de 2023, ambas notificadas el 13 de diciembre de 2023, *Íd.,* entradas 16 y 17.

la sucesión de Blanca María Hernández Calderón, a los **herederos desconocidos** de dicha sucesión y a los **herederos desconocidos** de la sucesión de Madeline Rolón Rodríguez.[7] El emplazamiento por edictos de los codemandado Andrés y Manuel Cotto Hernández, y los herederos desconocidos de las sucesiones Blanca María Hernández Calderón y Madeline Rolón Rodríguez se expidió el 10 de enero de 2024[8], y el edicto fue publicado el 16 de enero de 2026, en el periódico *El Vocero de Puerto Rico*[9]. Además, se envió copia del edicto, el emplazamiento y la demanda a **todos los mencionados codemandados por edicto**, por correo certificado con acuse de recibo, a las siguientes direcciones informadas por Legacy Mortgage: (1) Barrio Contorno, Sector Cielito, Buzón 5030, SR 165, k.m. 10.6, Toa Alta, PR 00953; (2) RR 02 Box 5030, Barrio Contorno, Toa Alta, PR 00953; (3) Villa Carolina 112-Calle 34, Carolina, PR 00985. El codemandado **Andrés Cotto Hernández** y los **herederos desconocidos de las sucesiones de Blanca María Hernández Calderón y Madeline Rolón Rodríguez** fueron notificados, **además**, en el 572 Travis Way, Harrisburg, PA 17110.[10]

Así las cosas, el 6 de febrero de 2024, notificada el 7 de febrero de 2024, el TPI emitió *Orden de Referido al Centro de Mediación de Conflictos en Casos de Ejecución de Hipotecas*, en cumplimiento con la Ley Núm. 184-2012. Conforme surge del *Formulario Único de Notificación,* esta orden se remitió a cada uno de los demandados, a la dirección que ubica en el RR 02 Box 5030 Barrio Contorno Toa Alta, PR 00953.[11] De igual forma, la citación a mediación original y su recalendarización fueron notificadas a cada codemandado a la

---

[7] *Orden* emitida el 9 de enero de 2024, y notificada al día siguiente. *Íd.,* entrada 21.

[8] *Emplazamiento por Edicto e Interpelación, Íd.,* entrada 23.

[9] *Moción Sometiendo Evidencia de Emplazamiento por Edicto y en Solicitud de Referido a Mediación Compulsoria, Íd.,* entrada 24, anejo 2.

[10] *Íd.,* entrada 24, anejo 1.

[11] *Orden de Referido al Centro de Mediación de Conflictos en Casos de Ejecución de Hipotecas* de 6 de febrero de 2024, notificada al día siguiente, *Íd.,* entrada 25.

misma dirección, RR 02 Box 5030 Barrio Contorno, Toa Alta, PR 00953.[12]

Dada la ausencia de los Cotto-Hernández al proceso de mediación, el Centro de Mediación de Conflictos informó que daba por concluida su intervención mediante *Moción de Resultado* de 30 de agosto de 2024.[13]

Así las cosas, y transcurrido el término para contestar la demanda sin que los demandados presentaran alegación responsiva, el 13 de septiembre de 2024, Legacy Mortgage solicitó que se dictara sentencia en rebeldía a su favor. Dicha moción fue notificada a los Cotto-Hernández a las siguientes direcciones: (1) Barrio Contorno, Sector Cielito Buzón 5030, SR 165, K.M. 10.6, Toa Alta, PR 0953; (2) RR 02 Box 5030, Barrio Contorno, Toa Alta, PR 00953; (3) 572 Travis Way, Harrisburg, PA 17110; (4) Villa Carolina, 112 Calle 34, Carolina, PR 00985.[14]

Celebrada la vista sobre inspección del pagaré original, el 3 de febrero de 2025, notificada el 5 de febrero de 2025, el TPI dictó **Sentencia en Rebeldía** y declaró *ha lugar* a la demanda. La decisión se notificó por edicto en el periódico *El Vocero de Puerto Rico* y se envió, dentro del término de diez (10) días de la publicación del edicto a todos los demandados. En particular, las notificaciones de **Juan Vicente Cotto Hernández, Manuel Cotto Hernández** y **Wilfredo Cotto Hernández**, se remitieron al RR 02 Box 5030 Barrio Contorno, Toa Alta, PR 00953. La notificación de **Andrés Cotto Hernández** fue enviada al 572 Travis Way, Harrisburg, PA 17110.[15] La notificación remitida al **CRIM**- a la **Carr. Estatal 1, km 17.3**,

---

[12] *Moción Informativa de Caso de Ejecución de Hipoteca que será Atendido mediante Servicio de Videoconferencia Intramuros de los CMC* y *Moción Sobre Recalendarización de Casos de Ejecución de Hipoteca Referidos del TPI de Bayamón (Intramuros), Íd.,* entradas 29 y 31.

[13] *Moción de Resultado, Íd.,* entrada 33.

[14] *Moción en Cumplimiento de Orden y en Solicitud de Sentencia en Rebeldía sin Vista, Íd.,* entrada 35.

[15] *Sentencia en Rebeldía* dictada el 3 de febrero de 2025, y notificada el 5 de febrero de 2025, y *Notificación de Sentencia por Edicto, Íd.,* entradas 42 y 43.

San Juan, PR 00926-5101- **fue devuelta** por el servicio de correos, con un sello indicativo de "*not deliverable as addressed, unable to forward*".[16] En el **expediente electrónico del caso no consta la devolución de alguna otra notificación de la sentencia en rebeldía**.

El 16 de abril de 2026, Legacy Mortgage solicitó la ejecución de la sentencia.[17] La solicitud se acompañó con la evidencia de las notificaciones de las sentencias por edicto enviadas por correo certificado. La notificación cursada al **CRIM, en el PO Box 195387**, San Juan, PR 00919-5387, fue recibida por dicha entidad. Así también, las notificaciones remitidas a **Manuel Cotto Hernández**, **Wilfredo Cotto Hernández** y **Juan V. Cotto Hernández**, específicamente al RR 02 Box 5030, Barrio Contorno, Toa Alta, PR 00953, tienen constancia de recibo por sus destinatarios.[18] Las **demás notificaciones** cursadas a éstos en las demás direcciones de récord y aquellas dirigidas a los herederos desconocidos de las sucesiones de Blanca María Hernández Calderón y Madeline Rolón Rodríguez **fueron devueltas** por el sistema de correo, con sellos indicativos de que la dirección era insuficiente, incorrecta o correspondencia no reclamada (*"insuficient address", "no such number", "unclaimed"*).[19]

El TPI ordenó la ejecución y la venta en pública subasta de la propiedad y emitió el mandamiento correspondiente.[20] Luego, el TPI dictó una orden aceptando la sustitución de Legacy Mortgage por MCLP Asset como parte demandante, por esta haber adquirido el préstamo hipotecario.[21]

---

[16] Notificación devuelta del CRIM, *Íd.,* entrada 44.
[17] *Moción Solicitando Ejecución de Sentencia, Íd.,* entrada 45.
[18] *Íd.,* entrada 45, anejo 3, págs. 2, 4 y 6.
[19] *Íd.,* entrada 45, anejo 3.
[20] *Mandamiento* y *Orden de Ejecución de Sentencia, Íd.,* entradas 46 y 47.
[21] *Urgente Moción Solicitando Sustitución de Parte Demandante Caso Con Subastas Comenzando el 4 de junio de 2025,* y *Orden* dictada el 14 de mayo de 2025, y notificada el 20 de mayo de 2025, *Íd.,* entradas 48 y 49.

Las dos primeras subastas fueron declaradas desiertas[22] y, en la tercera, la propiedad le fue adjudicada a MCLP Asset.[23]

El 23 de junio de 2025, MCLP Asset presentó la correspondencia devuelta de las notificaciones de subasta remitidas por correo certificado a los Cotto-Hernández.[24] Conforme surge del anejo, las notificaciones de subastas devueltas por el sistema de correo, con sellos indicativos de correspondencia no reclamada ("*unclaimed*") fueron las siguientes: (1) **Manuel Cotto Hernández**, RR 02 Box 5030, Barrio Contorno, Toa Alta, PR 00953 ; (2) **Juan Vicente Cotto Hernández**, Villa Carolina 112-34 Calle 79, Carolina, PR 00985, y RR 02 Box 5030, Barrio Contorno, Toa Alta, PR 00953; (3) **Andrés Cotto Hernández**, 572 Travis Way, Harrisburg, PA 17110, RR 02 Box 5030, Barrio Contorno, Toa Alta, PR 00953, Villa Carolina 112-34 Calle 79, Carolina, PR 00985; (4) **Wilfredo Cotto Hernández**, RR 02 Box 5030, Barrio Contorno, Toa Alta, PR 00953, y Villa Carolina 112-34 Calle 79, Carolina, PR 00985; (5) herederos desconocidos de Blanca María Hernández Calderón y Madeline Rolón Rodríguez, a todas las direcciones a las que se les cursó la correspondencia.[25]

Mediante orden notificada el 24 de junio de 2025, el TPI confirmó la venta judicial.[26] El 28 de enero de 2026, el TPI notificó la orden y mandamiento de lanzamiento.[27]

El 6 de abril de 2026, los Cotto-Hernández, como herederos de Blanca María Hernández Calderón, comparecieron por primera vez ante el TPI a través de una *Moción Urgente Asumiendo Representación Legal [y] Comparecencia Especial Solicitando Nulidad de Sentencia y Subasta por Falta de Notificación y Falta de*

---

[22] *Acta de Segunda Subasta Desierta* y *Acta de Primera Subasta Desierta, Íd.,* entradas 57 y 58.
[23] *Acta de Tercera Subasta, Íd.,* entrada 56, anejo 1 y Entrada 53, anejo 2.
[24] *Moción al Expediente Judicial, Íd.,* entrada 61.
[25] *Íd.,* entrada 61, anejo.
[26] *Orden* de 23 de junio de 2025, notificada, al día siguiente, *Íd.,* entrada 65.
[27] *Mandamiento de Lanzamiento, Íd.,* entrada 68.

*Jurisdicción sobre la Persona por Emplazamiento Defectuoso.*[28] Adujeron que la dirección de la causante al momento de su fallecimiento era el RR 06 Buzón 5030, Toa Alta, PR 00953, por lo cual, "ninguna de las notificaciones hechas fueron conforme a derecho ya que no era ni la dirección anteriormente conocida de la fallecida y que los herederos no fueron emplazados adecuadamente".[29]  Según alegaron, "la Parte Demandante nunca emplazó personalmente a las partes codemandadas.  En adición, las notificaciones e (sic) fueron defectuosas por no contener el número correcto y/o la última dirección conocida de las demandadas".[30] Indicaron, además, que "la Sentencia dictada el 5 de febrero de 2025 no fue notificada a la última dirección conocida de las Partes Codemandadas".[31]  Así, adujeron que la sentencia es nula, al igual que la subasta y procedimientos posteriores.

En su comparecencia, los Cotto-Hernández añadieron que la notificación incorrecta les privó de la oportunidad de participar del proceso de mediación compulsoria.  Aseguraron que "[l]a dirección postal correcta de los Demandados por más de dieciocho años (18) es **RR 06** BOX 5030, Toa Alta, P.R. 00953 y las notificaciones eran enviadas a **RR 02** BOX 5030, Toa Alta, P.R. 00953".[32]  Así, alegaron que la falta de notificación a la dirección correcta infringía las disposiciones del debido proceso de ley.

Ante la radicación del anterior escrito, el 8 de abril de 2026, el TPI ordenó la paralización de la orden de lanzamiento y concedió término a MCLP Asset para replicar.[33]

---

[28] *Moción Urgente Asumiendo Representación Legal [y] Comparecencia Especial Solicitando Nulidad de Sentencia y Subasta por Falta de Notificación y Falta de Jurisdicción sobre la Persona por Emplazamiento Defectuoso, Íd.,* entrada 69.
[29] *Íd.,* pág. 1.
[30] *Íd.,* pág. 3.
[31] *Íd.*
[32] *Íd.,* pág. 4.
[33] *Órdenes* de 8 de abril de 2026, *Íd.,* entradas 70 y 71.

El 21 de abril de 2026, MCLP Asset presentó su *Oposición a Moción Urgente Asumiendo Representación Legal y Comparecencia Especial Solicitando Nulidad de Sentencia.*[34] En cuanto a la alegación sobre emplazamiento defectuoso, indicó que los codemandados Juan Vicente Cotto Hernández y Wilfredo Cotto Hernández fueron emplazados personalmente los días 9 y 13 de noviembre de 2023, respectivamente. Respecto a los codemandados que no pudieron ser localizados, arguyó que el tribunal autorizó el emplazamiento por edicto, luego de acreditarse mediante declaración jurada las gestiones realizadas para localizarlos. Reseñó que, de conformidad con la normativa vigente, el edicto se publicó en un periódico de circulación general el 16 de enero de 2024 y se notificó por correo certificado a las últimas direcciones conocidas, dentro del término de diez (10) días desde la publicación.

En lo que concierne a las notificaciones, MCLP Asset puntualizó que la dirección RR 02 Box 5030, Barrio Contorno, Toa Alta, PR 00953, fue la utilizada durante toda la vida del préstamo hipotecario en todas las comunicaciones entre el acreedor y la parte deudora, y que esa era la última dirección conocida por el acreedor. Como prueba hizo referencia a la carta de alternativas de mitigación de pérdidas cursada a la deudora el 9 de febrero de 2018.[35] Arguyó que sus notificaciones cumplieron con el criterio sobre la dirección razonablemente calculada, dentro de las circunstancias del caso, para darle aviso a la parte contraria. A su vez, expuso que la notificación de la *Sentencia en Rebeldía* cumplió con los tres requisitos de la Regla 65.3(c) de Procedimiento Civil, 32 LPRA Ap. V, así como los edictos de la subasta con los requisitos de la Regla 51.7 de Procedimiento Civil, *supra.*

---

[34] *Oposición a Moción Urgente Asumiendo Representación Legal y Comparecencia Especial Solicitando Nulidad de Sentencia, Íd.,* entrada 72.
[35] *Moción en Cumplimiento de Orden, Íd.,* entrada 9, anejo 1.

Por otro lado, MCLP Asset mencionó que el TPI no estaba obligado a referir el caso a mediación compulsoria, toda vez que los demandados se encontraban en rebeldía para la fecha en que el tribunal refirió el caso al Centro de Mediación de Conflictos (6 de febrero de 2024), por no haber contestado la demanda ni haberse defendido en forma alguna. No obstante, MCLP Asset señaló que el TPI ejerció su discreción y completó el proceso de mediación compulsoria. Para concluir, MCLP Asset apuntó que los Cotto-Hernández no aportaron prueba documental alguna de que existiera una dirección de notificación distinta conocida por el acreedor en algún momento durante la vida del préstamo, ni que acreditara que la dirección "**RR 06** Buzón 5030" es o fue en algún momento su dirección postal activa, o que el acreedor tuvo o debió haber tenido conocimiento de esta. Por lo anterior, razonó que no existía fundamento válido que justificara el relevo de sentencia solicitado.

El 29 de abril de 2026, el TPI emitió y notificó la *Resolución Final* objeto del presente recurso.[36] En esta, expuso que "[l]o expuesto por la parte demandada, en esta etapa avanzada de los procedimientos, no nos persuaden a ejercer nuestra función revisora y dejar sin efecto una Sentencia final y firme dictada el 3 de febrero de 2025". Así, declaró *no ha lugar* a la *Moción Urgente Asumiendo Representación Legal [y] Comparecencia Especial Solicitando Nulidad de Sentencia y Subasta por Falta de Notificación y Falta de Jurisdicción sobre la Persona por Emplazamiento Defectuoso* presentada por los Cotto-Hernández y *ha lugar* a la *Oposición a Moción Urgente Asumiendo Representación Legal y Comparecencia Especial Solicitando Nulidad de Sentencia* presentada por MCLP Asset. De tal forma, el TPI confirmó la sentencia en rebeldía dictada el 3 de febrero de 2025, y notificada el

---

[36] *Resolución Final, Íd.,* entrada 73.

5 de febrero de 2025; así como la validez de los procedimientos de subasta y la adjudicación de la Finca 2663 a favor de MCLP Asset por la suma de $11,000.00; decretó el levantamiento de la paralización del Mandamiento de Lanzamiento expedido el 28 de enero de 2026, y ordenó al Alguacil a proceder con su diligenciamiento entregando la posesión material del inmueble a MCLP Asset.

Inconforme con tal determinación, el 3 de mayo de 2026, los Cotto-Hernández incoaron el presente *Recurso de Certiorari sobre Resolución de Relevo de Sentencia bajo la Regla 49.2 de Procedimiento Civil[37],* en el que apuntaron los siguientes señalamientos de error:

> PRIMER ERROR: Erró el Tribunal de Primera Instancia al declarar No Ha Lugar la moción de nulidad presentada por la parte demandada, a pesar de que se alegó falta de jurisdicción sobre la persona por emplazamiento defectuoso y notificaciones dirigidas a una dirección incorrecta.

> SEGUNDO ERROR: Erró el Tribunal de Primera Instancia al confirmar la validez de una sentencia en rebeldía y de los procedimientos posteriores sin celebrar vista evidenciaria sobre los defectos jurisdiccionales levantados.

> TERCER ERROR: Erró el Tribunal de Primera Instancia al validar los procedimientos de subasta y adjudicación de la Finca 2663 a MCLP Asset Company, Inc. por $11,000.00, aun cuando la parte demandada cuestionó la notificación de sentencia, la notificación de subasta y el debido proceso.

> CUARTO ERROR: Erró el Tribunal de Primera Instancia al levantar la paralización del mandamiento de lanzamiento y ordenar al Alguacil proceder con la entrega material del inmueble, sin resolver adecuadamente las controversias jurisdiccionales planteadas.

> QUINTO ERROR: Erró el Tribunal de Primera Instancia al tratar el planteamiento de nulidad como una solicitud tardía de relevo ordinario bajo Regla 49.2, cuando la nulidad por falta de jurisdicción y debido proceso no queda convalidada por el paso del tiempo.

---

[37] *Recurso de Certiorari sobre Resolución de Relevo de Sentencia bajo la Regla 49.2 de Procedimiento Civil,* SUMAC-TA, entrada 1.

SEXTO ERROR: Erró el Tribunal de Primera Instancia al confirmar la validez del procedimiento de mediación compulsoria bajo la Ley 184-2012, Ley 184 de 17 de agosto de 2012, a pesar de las alegaciones de falta de notificación efectiva y ausencia de participación real de los demandados.

Los Cotto-Hernández acompañaron su recurso con una *Moción Urgente Sobre Auxilio de Jurisdicción y Solicitud de Paralización de los Efectos de la Sentencia y del Mandamiento de Lanzamiento,* cuyo título explica por sí mismo su propósito[38].

El 4 de mayo de 2026, este Tribunal emitió una *Resolución* mediante la cual ordenamos la paralización inmediata de la ejecución del Mandamiento de Lanzamiento sobre la Finca 2663, Toa Alta.[39]

Por su parte, en el *Alegato en Oposición a Petición de Certiorari[40],* MCLP Asset arguye que los Cotto-Hernández presentaron la moción de relevo de sentencia basado en un emplazamiento defectuoso sin acompañar documento alguno que acreditara que "**RR 06** Buzón 5030" era su dirección activa, que el acreedor tuvo o debió haber tenido conocimiento de esa dirección en algún momento, ni que alguna de las cuatro (4) direcciones utilizadas para las notificaciones fuera incorrecta. Además, menciona que los codemandados Juan Vicente Cotto Hernández y Wilfredo Cotto Hernández fueron emplazados personalmente. A su vez, asegura que el expediente judicial demuestra que las tres subastas fueron notificadas en cumplimiento con la Regla 51.7 de Procedimiento Civil, *supra,* y que la devolución de correspondencia no invalida unas notificaciones que fueron razonablemente calculadas y dirigidas a cuatro (4) direcciones simultáneas. Añade

---

[38] *Moción Urgente sobre Auxilio de Jurisdicción y Solicitud de Paralización de los Efectos de la Sentencia y del Mandamiento de Lanzamiento, Íd.,* entrada 2.

[39] *Resolución* y *Resolución Nunc Pro Tunc, Íd.,* entradas 4 y 5. Advertimos que en el expediente electrónico del caso en SUMAC-TA aparecen devueltas las notificaciones de estas resoluciones remitidas al CRIM y a "la Sociedad Legal de Bienes Gananciales compuesta entre ambos" sin identificar a sus miembros por sus nombres. *Íd.,* entradas 6-9.

[40] *Alegato en Oposición a Petición de Certiorari,* SUMAC-TA, entrada 10.

que, contrario a lo alegado por los Cotto-Hernández, en la *Resolución* del 29 de abril de 2026, el TPI evaluó detenidamente los planteamientos de la moción de relevo, examinó el expediente en su totalidad, y resolvió expresamente que los procedimientos cumplieron con las disposiciones de ley aplicables. Así, indicó que, como consecuencia lógica y necesaria de haber confirmado la validez de todos los procedimientos previos, ordenó el levantamiento de la paralización del mandamiento del lanzamiento. Por lo anterior, MCLP Asset afirma que no se configuran los criterios para la expedición del auto solicitado.

**II.**

**A.**

El *certiorari* es un recurso extraordinario mediante el cual un tribunal de superior jerarquía puede revisar, a su discreción, una decisión interlocutoria de un tribunal inferior.[41]

Para determinar si procede la expedición de un auto de *certiorari* en el que se recurre de alguna determinación post sentencia, debemos acudir directamente a lo dispuesto en la Regla 40 del Reglamento del Tribunal de Apelaciones.[42]

Así, a los fines de ejercer sabiamente nuestra facultad discrecional en la consideración de los asuntos planteados mediante el recurso, la Regla 40 del Reglamento del Tribunal de Apelaciones, *supra*, establece que este foro apelativo intermedio tomará en consideración los siguientes criterios al determinar si procede o no la expedición de un auto de *certiorari*:

> A. Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

> B. Si la situación de hechos planteada es la más indicada para el análisis del problema.

---

[41] *Caribbean Orthopedics v. Medshape et al.,* 207 DPR 994, 1004 (2021); *800 Ponce De León v. AIG,* 205 DPR 163, 174 (2020).

[42] Regla 40 del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, 215 DPR ___ (2025).

C. Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

D. Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

E. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

F. Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

Lo anterior impone a este Tribunal la obligación de ejercer prudentemente su juicio al intervenir con el discernimiento del foro de instancia, de forma que no se interrumpa injustificadamente el curso corriente de los casos ante ese foro.[43] Por tanto, de no estar presente ninguno de los criterios esbozados, procede abstenernos de expedir el auto solicitado para que continúen sin mayor dilación los procedimientos del caso ante el foro primario.

**B.**

La Regla 49.2 de Procedimiento Civil, 32 LPRA Ap. V, R. 49.2, es el mecanismo procesal que permite al tribunal relevar a una parte de una sentencia, orden o procedimiento, cuando esté presente alguna de las causales que dispone la citada regla.[44]

Específicamente, la regla dispone que, mediante una moción a esos efectos, el tribunal podrá relevar a una parte de una sentencia cuando ocurra alguna de las siguientes razones: (a) error, inadvertencia, sorpresa o negligencia excusable; (b) descubrimiento de evidencia esencial que, a pesar de una debida diligencia, no pudo haber sido descubierta a tiempo para solicitar un nuevo juicio de acuerdo con la Regla 48 de Procedimiento Civil; (c) fraude (incluso el que hasta ahora se ha denominado "intrínseco" y el también

---

[43] *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 97 (2008).
[44] *SLG Rivera-Pérez v. SLG Díaz-Doe et al.,* 207 DPR 636, 657 (2021).

llamado "extrínseco"), falsa representación u otra conducta impropia de una parte adversa; (d) nulidad de la sentencia; (e) la sentencia ha sido satisfecha, renunciada o se ha cumplido con ella, o la sentencia anterior en que se fundaba ha sido revocada o de otro modo dejada sin efecto, o no sería equitativo que la sentencia continúe en vigor, o (f) cualquier otra razón que justifique la concesión de un remedio contra los efectos de una sentencia. Regla 49.2 de Procedimiento Civil, *supra.*

La Regla 49.2 de Procedimiento Civil, *supra*, establece que sus disposiciones no serán aplicables a las sentencias dictadas en pleitos de divorcio, a menos que la moción se funde en los incisos (c) o (d). La limitación obedece a razones de orden público, ya que con el divorcio surge un nuevo estado civil y, al mismo tiempo, permite a las partes crear otro, por lo que es necesario salvaguardar los dictámenes judiciales en los que se decreta la disolución del vínculo matrimonial.[45]

El foro judicial tiene la discreción de sopesar los factores de la precitada regla y determinar si procede relevar a una parte de los efectos de una sentencia, salvo en los casos de nulidad o cuando la sentencia ha sido satisfecha.[46] Cuando se trata de una sentencia nula no hay margen de discreción. Ésta tiene que dejarse sin efecto independientemente de los méritos que pueda tener la defensa o reclamación del perjudicado.[47] En los demás casos, el tribunal debe determinar si bajo las circunstancias específicas del caso existen razones que justifiquen tal concesión. Como regla general, la existencia de una buena defensa debe siempre inclinar la balanza a favor de la reapertura.[48]

---

[45] *Náter v. Ramos,* 162 DPR 616, 625 (2004).
[46] *Pérez Ríos et al. v. CPE,* 213 DPR 203, 215 (2023); *García Colón et al. v. Sucn. González,* 178 DPR 527, 540 (2010).
[47] *García Colón et al. v. Sucn. González,* supra, págs. 543-544.
[48] *Íd.,* págs. 540-541.

A su vez, como norma general, las mociones de relevo de sentencia deben presentarse dentro de un término razonable, pero en ningún caso después de transcurridos seis (6) meses de haberse registrado la sentencia. No obstante, tales normas ceden cuando se trata de una sentencia que adolece de nulidad. Así que, si una sentencia es nula, la parte promovedora de una moción de relevo de sentencia no está limitada por el término de seis meses.[49]

Sin embargo, no es mandatorio celebrar una vista cuando una parte invoca la Regla 49.2 de Procedimiento Civil, *supra*. El Tribunal Supremo ha expresado que requerir la celebración de una vista en todo caso en que se invoque un relevo, sería contraproducente a la norma cardinal procesal de que los litigios deben resolverse de la forma más rápida, económica y justa para las partes. Ello, especialmente si de la faz de la moción resulta evidente la carencia de méritos. En armonía con ello, la celebración de una vista es obligada cuando la parte invoca "razones válidas que requieran la presentación de prueba para sustanciarlas"[50]. Es decir, que el tribunal viene obligado a celebrar una vista solamente en aquellas circunstancias en que la parte promovente del relevo necesita presentar prueba para sustanciar lo alegado en la solicitud, a saber, las razones o fundamentos invocados en apoyo al relevo solicitado.[51]

En casos en donde se dicta sentencia en rebeldía o por incomparecencia de la parte promovente del relevo, se requiere alegar o demostrar que se tiene una defensa válida que oponer a la reclamación de la otra parte.[52]

**C.**

El debido proceso de ley exige la correcta y oportuna notificación de cualquier determinación judicial, ya sea, una orden,

---

[49] *HRS Erase v. CMT*, 205 DPR 689, 698-699 (2020); *SLG Rivera-Pérez v. SLG Díaz-Doe et al.*, supra.
[50] *Ortiz Serrano v. Ortiz Díaz*, 106 DPR 445, 449 (1977).
[51] *Íd.*
[52] *Olmeda Nazario v. Sueiro Jiménez*, 123 DPR 294, 300 (1989).

resolución o sentencia, pues ello afecta el derecho de una parte a cuestionar la misma.[53] La Regla 65.3 inciso (c) de Procedimiento Civil provee que:

> *(a) ...*
> *(b) ...*
> *(c) En el caso de partes en rebeldía que hayan comparecido en autos, el Secretario o Secretaria le notificará toda orden, resolución o sentencia a la última dirección que se haya consignado en el expediente por la parte que se autorepresenta o a la dirección del abogado o abogada que surge del registro del Tribunal Supremo para recibir notificaciones, en cumplimiento con la Regla 9. En el caso de partes en rebeldía que hayan sido emplazadas, por edictos y que nunca hayan comparecido en autos o de partes demandadas desconocidas, el Secretario o Secretaria expedirá un aviso de notificación de sentencia por edictos para su publicación por la parte demandante. El aviso dispondrá que éste, debe publicarse una sola vez en un periódico de circulación general en la Isla de Puerto Rico dentro de los diez (10) días siguientes a su notificación e informará a la parte demandada de la sentencia dictada y del término para apelar. Copia del aviso de notificación de sentencia publicado será notificada a la parte demandada por correo certificado con acuse de recibo dentro del término de diez (10) días luego de la publicación del edicto a la última dirección conocida del demandado. Todos los términos comenzarán a computarse a partir de la fecha de la publicación del edicto, la cual deberá acreditarse mediante una declaración jurada del (de la) administrador(a) o agente autorizado(a) del periódico, acompañada de un ejemplar del edicto publicado. [...][54]*

En lo que a nuestro caso respecta, el requisito de notificación de la sentencia a una parte en rebeldía que fue emplazada personalmente, pero nunca compareció, fue resuelta en el caso de *Yumac Home v. Empresas Massó*[55], cuando el Tribunal Supremo expresó, interpretando la Regla 65.3 inciso (c) de Procedimiento Civil, que:

> *... [d[eterminamos que una vez una parte ha sido emplazada personalmente conforme establecen los parámetros de la Regla 4 de Procedimiento Civil para este tipo de emplazamiento, la sentencia que en su momento recaiga deberá ser notificada a la última*

---

[53] *Dávila Pollock et als. v. R.F. Mortgage*, 182 DPR 86, 94 (2011); *Caro v. Cardona*, 158 DPR 592, 598 (2003).
[54] 32 LPRA Ap. V, R. 65.3.
[55] 194 DPR 96 (2015).

*dirección conocida de la parte, aunque se encuentre en rebeldía por nunca haber comparecido.[56]*

La importancia de la notificación a las partes radica en su efecto sobre los procedimientos posteriores a esta ser remitida.[57]

De otro lado, el Tribunal Supremo ha tenido la oportunidad de expresarse sobre la notificación por correo certificado de la copia de la demanda y emplazamiento que no fue reclamada por el destinatario. Así, por ejemplo, en *Rodríguez v. Nasrallah[58]*, el Tribunal Supremo resolvió que la parte que notifica mediante edicto debe cumplir con la norma de que la última residencia conocida este razonablemente calculada dentro de las circunstancias concurrente, para darle aviso a la parte contraria de la acción en su contra, y así se proteger los derechos de ambas partes.[59]

En *Rivera v. Jaume[60],* el Tribunal Supremo apuntó que cuando la dirección que se ofreció para autorizar el emplazamiento por edicto ya no es la dirección del demandado, "*se requiere del demandante un esfuerzo razonable para encontrar una dirección correcta donde la notificación pueda ser enviada*".[61] Por otra parte, adoptó la interpretación de las cortes estatales en cuanto a la distinción entre el correo certificado devuelto por no haber sido reclamado (*unclaimed*) de aquel que fue devuelto porque fue rechazado (*refused*) por el destinatario.

> *A notation by the postal authorities that certified mail went "unclaimed" rather that "refused" is generally insufficient to satisfy the requirements of service by ordinary mail... Unlike refusal, which is intentional, a failure to claim does not alone give raise to the implication that the defendant has deliberately sought to avoid process.[62]*
>
> *[...] "unclaimed" could very well mean that the plaintiff gave the wrong address for the defendant, in which case*

---

[56] *Íd.,* pág. 114.
[57] *Vélez v. A.A.A.*, 164 DPR 772, 788 (2005).
[58] 118 DPR 93 (1986).
[59] *Íd.,* pág. 102.
[60] 157 DPR 562 (2002).
[61] *Íd.,* pág. 580. (Citas omitidas). Seguido en *Román Ortiz v. OGPe,* 203 DPR 947, 959 (2020).
[62] *Id.*, pág. 581, citando *a Kucher v. Fisher,* 167 F.R.D. 397, 398 (1996).

*the defendant would not receive notice, due process would not be observed, and a plaintiff could prevent the process by giving an incorrect address.[63]*

Por último, el Tribunal Supremo de Puerto Rico en *R & G v. Sustache*,[64] **sentencia** publicada sin opinión, realizó las siguientes expresiones relativas a la suficiencia de la notificación al deudor en la etapa post sentencia:

*[c]uando se envíe el aviso de venta judicial de acuerdo con la Regla 51.8 (a) [...] [de Procedimiento Civil de 1979, **ahora Regla 51.7 (a)**],[65] a un deudor demandado que no ha comparecido al pleito, la dirección a la que se le envíe tiene que estar razonablemente calculada, a la luz de las circunstancias particulares del caso, para darle una notificación efectiva de la venta y de cualquier derecho o exención que lo cobije. El promovente de la venta judicial deberá realizar los trámites necesarios, con cierto grado de esfuerzo, para procurar la dirección del deudor demandado al hacer la notificación. Ello no implica, sin embargo, que el promotor de la venta tenga que realizar esfuerzos extraordinarios. Esto significa que, si en los expedientes del promotor de la venta judicial figuran más de una dirección del deudor y la notificación hecha conforme la Regla 51.8 es devuelta por el servicio de correo por insuficiencia de dirección, o por ser esta desconocida, es necesario que el promotor notifique nuevamente a cualquier otra dirección que le conste en sus expedientes, y a la cual se hubiese cursado correspondencia anteriormente. De lo contrario, el error en la notificación es sustancial y la venta judicial efectuada será nula por no satisfacer el debido proceso de ley.*

***Advertimos que nuestra determinación [...] no implica que en un caso de venta judicial la parte promovente tenga que probar que el demandado recibió, efectivamente, la notificación enviada. Lo importante es que, al enviar el aviso "a la última dirección conocida del demandado", esa dirección tiene que ser razonablemente calculada, a la luz de las circunstancias del caso, como una dirección en la cual el dueño demandado recibirá, efectivamente, el aviso de la venta. [...].[66]***

En definitiva, cuando estamos ante la devolución de una notificación enviada por correo certificado, que llegó devuelta por no haber sido reclamada por el destinatario, la parte promovente del

---

[63] *Id.*, págs. 581-582.
[64] 163 DPR 491 (2004).
[65] Con la aprobación de las Reglas de Procedimiento Civil de 2009, la Regla 51.8 (a) de Procedimiento Civil de 1979, 32 LPRA Ap. III, R. 51.8(a), fue reenumerada como la Regla 51.7 (a), 32 LPRA Ap. V, R. 51.7 (a), mas no sufrió cambio alguno en lo que respecta al asunto en discusión.
[66] *R & G v. Sustache*, supra, págs. 504-505. (Énfasis nuestro).

pleito deberá asegurar que la dirección informada al tribunal le pertenecía a la parte demandada, por lo que en efecto se dio por notificado de los procedimientos en su contra. El criterio de la *dirección razonablemente calculada* exige a los tribunales "[s]alvaguardar el debido proceso de ley e inquirir, cuando menos, si la dirección provista pertenece o perteneció a la parte con derecho a ser notificada".[67] De ahí a que la corrección de la dirección de envío constituya otro factor a auscultar, pues no basta con notificar "[a] cualquier dirección, sino, obviamente, a la dirección correcta". *Román Ortiz v. OGPe*, supra, pág. 959; *Ortiz v. A.R.Pe.*, 146 DPR 720, 724 (1998). En nuestra jurisdicción, se ha adoptado el criterio federal de la *dirección razonablemente calculada* para examinar si; a la luz de la información conocida por el remitente, la dirección de envío fue adecuada cuando ésta se desconoce o se pone en duda.[68]

### III.

En el presente caso, Juan Vicente Cotto Hernández y Wilfredo Cotto Hernández fueron emplazados personalmente, por lo que tenían conocimiento de la demanda en su contra. Los demás codemandados fueron emplazados mediante edicto debidamente publicado y notificado. Sin embargo, todos optaron por no comparecer en su defensa, permitiendo que se dictara sentencia en rebeldía a favor del acreedor hipotecario. El TPI notificó la sentencia en rebeldía a tenor con las exigencias de la Regla 65.3 de Procedimiento Civil, *supra,* individualmente a todos los codemandados, a cuatro direcciones de correo diferentes, suplidas por MCLP Asset como las direcciones conocidas de los deudores, las cuales constan en el expediente judicial. A esas mismas cuatro

---

[67] *Román Ortiz v. OGPe*, supra, pág. 959; *Rivera v. Jaume*, supra, págs. 582-583.
[68] *Román Ortiz v. OGPe*, supra, pág. 959; *Rodríguez v. Nasrallah*, supra, págs. 101-102.

direcciones de correo MCLP Asset envió el aviso de la venta judicial, en atención a lo dispuesto en la Regla 51.7 de Procedimiento Civil, *supra.* El TPI concluyó que lo expuesto por los Cotto-Hernandez en su solicitud de relevo, en la etapa avanzada en que se encuentran los procedimientos, no lo persuadió a ejercer su función revisora y dejar sin efecto una sentencia final y firme.

Tras analizar la petición y los documentos presentados, a la luz de los criterios de la Regla 40 de nuestro Reglamento, *supra*, concluimos que la determinación impugnada no denota un abuso de discreción por parte del tribunal primario. Tampoco se desprende que el dictamen recurrido sea irrazonable, arbitrario, muestre elementos de prejuicio o denote error en la aplicación de una norma jurídica. Mucho menos, se demostró que estemos ante una situación en la que, al expedir el auto de *certiorari,* evitaría un grave perjuicio o un craso fracaso de la justicia.

Así pues, los Cotto-Hernández no han acreditado ninguna de las instancias detalladas en la Regla 40 de nuestro Reglamento, *supra*, que justifique acceder a lo que solicita, por lo que resolvemos abstenernos de intervenir con el dictamen recurrido y denegamos la expedición del auto de *certiorari.* Por tanto, se deja sin efecto la paralización de los procedimientos que fue ordenada por este Tribunal mediante *Resolución* del 4 de mayo de 2026.

**IV.**

En virtud de lo anterior, *denegamos* la expedición del auto de *certiorari.* En su consecuencia, se deja sin efecto la paralización de los procedimientos que fue ordenada por este Tribunal mediante *Resolución* del 4 de mayo de 2026.

Notifíquese.

Lo acuerda y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones